UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KEITH W. COFFEY,

    Plaintiff,

v.

RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLP,

    Defendant.

Case No. 2:21-cv-00075

**NOW COMES** KEITH W. COFFEY, by and through his undersigned counsel, complaining of Defendant RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KEITH W. COFFEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in College Point, New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLP ("Defendant") is a

1

law firm specializing in the practice of debt collection in various states.

7. Defendant maintains its principal place of business at Brookfield, Wisconsin.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of New York that are owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and was approved for an American Express credit card some time ago.

10. Due to unforeseen financial difficulty, Plaintiff fell behind on his payments ("subject debt").

11. Eventually, Plaintiff's subject debt was assigned to Defendant for collection.

12. In or around December 2020, Plaintiff started to receive phone calls from Defendant regarding the subject debt.

13. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5) as it was used for personal purposes.

14. Upon answering the collection call from Defendant, Plaintiff was required to verify his identity.

15. After providing the required verification information, Defendant's representative began the conversation.

16. Plaintiff then informed Defendant's representative that he was represented by counsel and provided Defendant with his counsel's information and requested that the calls to Plaintiff stop.

2

17. Defendant's representative stated that she would update his file to show the law firm's phone number instead of Plaintiff's.

18. During this phone call, Defendant's representative failed to state the entire mini-Miranda as required by 15 U.S.C. §1692e(11).

19. Additionally, Defendant Mailed Plaintiff a letter, dated December 29, 2020 ("the Letter"), which stated:

```
KEITH COFFEY
1809 121ST ST
COLLEGE POINT NY 11356

        Re:  KEITH COFFEY
             Creditor to Whom the Debt is Owed:  American Express National Bank
             Our File Number:  4225084
             Account #:  ***********1005
             Original Creditor:  American Express National Bank
             Account Balance:  $15,908.61
```

20. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. The Letter misled Plaintiff as it states the "account balance" and "amount due" but did not disclose that the balance may increase because of interest.

22. Defendant's use of the term "amount due" required Defendant to disclose that the total amount due may increase because of interest.

23. In the alternative that interest was not accruing, Defendant's use of the phrase " has not yet been charged-off" was incredibly misleading and confusing as it suggests that the account is operating as normal with interest accruing.

24. Plaintiff believed from reading the Letter that the total due was "static" and the payment of $15,908.61 would satisfy Plaintiff's debt irrespective of when Plaintiff's payment was remitted.

3

25. Upon information and belief, Plaintiff's balance was not "static" and was subject to potentially increase.

26. In the alternative, the fact that Defendant deliberately designed its Letter to include the phrase "has not yet been charged-off" was incredibly misleading and confusing.

**DAMAGES**

27. The statute (FDCPA) thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

28. The value of receiving complete and truthful information about one's financial affairs is of the upmost importance and material in making a decision about ones financial affairs.

29. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. See *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

30. As a result of Defendant's illegal collection practices Plaintiff was deprived of his statutorily guaranteed FDCPA rights.

31. Plaintiff was deprived of material information regarding the subject debt which did not allow him to make a full and complete assessment of Defendant's collection activity and resulting in an inability to make a decision as to how to handle the subject debt.

32. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

## COUNT I:

## Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692e

34. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, *if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11), emphasis added.

35. Defendant violated 15 U.S.C. §1692e by sending the Letter stating Plaintiff's outstanding balance, but did not disclose that the balance may increase due to interest and fees.

36. Plaintiff read the Letter and was misled into believing that he could pay his debt in full by paying the amount listed on the Letter.

37. In fact, however, if interest is accruing daily, a consumer who pays the current balance stated on the collection notice would not know whether the debt has been paid in full.

38. In other words, Defendant could still seek the interest that accumulates after the Letter was sent but before the balance was paid, or sell Plaintiff's debt to a third party, which itself could seek the interest and fees from Plaintiff.

39. Defendant violated 15 U.S.C. § 1692e (11) because Defendant's representative failed to state the entire mini-Miranda as required by the express language of the FDCPA during a collection call with Plaintiff.

**WHEREFORE,** Plaintiff KEITH W. COFFEY requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 15, 2021						Respectfully submitted,

							**KEITH W. COFFEY**

							By: /s/ *Mohammed O. Badwan*

							Mohammed O. Badwan, Esq.
							*Counsel for Plaintiff*
							Sulaiman Law Group, Ltd
							2500 S Highland Ave, Suite 200

6

Lombard, IL 60148  
(630) 575-8181  
mbadwan@sulaimanlaw.com